UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MICHELE KECK, an individual, and JEFF KECK, an individual, and their marital community,<br><br>Plaintiffs,<br><br>v.<br><br>METROPOLITAN GROUP PROPERTY AND CASUALTY INSURANCE COMPANY, a Rhode Island Company,<br><br>Defendant. | Case No. 2:18-cv-00472-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

# I. INTRODUCTION

Currently pending before the Court is Defendant Metropolitan Group Property and Casualty Insurance Company's ("Met") Motion to Bifurcate Claims and Stay Discovery on Non-Coverage Claims. Dkt. 8. Having reviewed the record and briefs, the Court finds that the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will address the motion without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(2)(ii). For the reasons outlined below, the Court finds good cause to DENY the motion.

# II. BACKGROUND

On June 4, 2014, Plaintiff Michele Keck was in an automobile accident. She

contends that this accident led to "healthcare and related expenses; pain and suffering, mental distress; emotional distress, loss of enjoyment of life; and, other general and special damages." Dkt. 6, at 3-4. Her husband, Plaintiff Jeff Keck, claims that, as a result of the injuries suffered by his wife, he has incurred economic and non-economic damages, including loss of consortium. *Id.* at 4.

At the time of the accident, Plaintiffs carried an automobile insurance policy ("the Policy") through Defendant that included bodily injury liability insurance (with coverage in the amount of $250,000) for an "underinsured motor vehicle" ("UIM"). The Policy defines UIM as an insured vehicle with a "bodily injury liability bond or insurance policy in effect at the time of the accident, in at least the minimum amount required by the state in which the covered automobile is principally garaged, but less than the limits of this coverage provided by [Met's] policy." *Id.* at 5.

Plaintiffs sued the at-fault driver, Melanie Nelson ("Nelson"), who had a $100,000 insurance policy through State Farm. After prolonged litigation, the Plaintiffs agreed to a settlement with Nelson in December 2017, for $65,000. Shortly thereafter, on February 13, 2018, Plaintiffs sent Defendant a demand for UIM coverage. On April 20, 2018, Defendant denied Plaintiffs' demand for UIM coverage, explaining that "there is no underinsured motorist claim found in this case." *Id.* at 6. According to Met, "Plaintiffs were sufficiently compensated under the tortfeasor's $100,000.00 policy." Dkt. 8-1, at 3.

Plaintiffs then filed the instant case, which includes four causes of action. "The first cause of action is for Met's alleged breach of the UIM insurance contract and duties owed thereunder. Plaintiffs' second, third, and fourth causes of action are extra-

contractual tort claims for insurance bad faith, intentional infliction of emotional distress, and negligent infliction of emotion distress." *Id.*

On November 26, 2018, Defendant filed the instant motion, which seeks two orders: First, an order bifurcating Plaintiffs' breach of contract claim for UIM benefits from Plaintiffs' extra-contractual claims for insurance bad faith, intentional infliction of emotional distress, and negligent infliction of emotional distress; and second, an order staying discovery related to Plaintiffs' extra-contractual claims until the coverage claim has been resolved.

### III. LEGAL STANDARD

The standard course of litigation is for all claims and issues in a civil action to be presented for resolution in one trial. Federal Rule of Civil Procedure 42(b), however, allows district courts to bifurcate a trial for any one of the following reasons: (1) "convenience," (2) "to avoid prejudice," or (3) "to expedite and economize." Fed. R. Civ. P. 42(b). The Rule "confers broad discretion upon the district court to bifurcate a trial, thereby deferring costly and possibly unnecessary proceedings pending resolution of potentially dispositive preliminary issues." *Zivkovic v. Southern Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002); *Hangarter v. Provident Life and Acc. Ins. Co.*, 373 F.3d 998, 1021 (9th Cir. 2004). However, absent some experience demonstrating the worth of bifurcation, "separation of issues for trial is not to be routinely ordered." Fed. R. Civ. P. 42(b) (advisory committee notes to the 1966 amendment).

### IV. ANALYSIS

Met argues that bifurcation is proper in this case for three primary reasons: (1)

avoidance of confusion and prejudice; (2) the promotion of judicial economy; and (3) the fair balancing of interests. The Court will consider each argument in turn.

1. *Confusion and Prejudice*

First, Met argues that bifurcation will avoid confusion and prejudice because "[i]nformation related to Plaintiffs' extra-contractual and punitive damages claims have little or no relevance to the breach of contract claims." Dkt. 8-1, at 8. Met is concerned that trying the claims together would "inject prejudice into the proceedings and create jury confusion or bias with respect to the breach of contract claim." *Id.*

Plaintiffs contend that the exact opposite is true: bifurcation would actually create confusion for the trier of fact because the claims are so intertwined. Specifically, Plaintiffs argue that all of their claims "stem from Met's actions and conduct in unreasonably and intentionally withholding any coverage under the UIM policy. As such, the claims and discovery related to the same must be pursued together." Dkt. 12, at 5.

While the Court does not fully agree with either sides' arguments on this matter, it does not find sufficiently compelling evidence to support the notion that bifurcation is necessary to avoid confusion and prejudice. The claims involved are not so complex that they cannot be tried together without causing confusion, and the Court is confident that a jury could understand the issues and fairly evaluate each claim. Additionally, the risk of prejudice and confusion can be properly mitigated through pre-trial motions and limiting jury instructions.

2. *Judicial Economy*

Next, Met argues that bifurcating the claims will promote judicial economy

because "[i]f the breach of contract claim is resolved in Met's favor, Plaintiffs' bad faith tort claim and other extra-contractual claims will be moot." Dkt. 8-1, at 8. Be that as it may, this alone does not necessitate bifurcation. In fact, any potential time that *might* be saved by staying the extra-contractual claims pending resolution of the contract claim does not outweigh the potential inefficiency and inconvenience of having two discovery periods, two dispositive motion schedules, and two trials. Arguably, the promotion of judicial economy favors denial of Met's Motion.

   3. *Balancing of Interests*

Finally, Met claims that bifurcation properly balances the interests of the parties, because "Plaintiffs will not incur any prejudice as a result of bifurcation. In contrast, if the claims are litigated concurrently, Plaintiffs may obtain an evidentiary windfall and unfair tactical advantage. Met faces a substantial risk of prejudice due to jury confusion, distraction, and possible improper influence." Dkt. 8-1, at 9. As explained above, the Court disagrees with Met's assertion that it faces a substantial risk of prejudice, and this argument does little to persuade the Court. The Court does not find sufficient justification to separate the claims in this case, nor does related case law persuasively establish that doing so is the proper course of action.[1] Accordingly, Met's Motion is DENIED.

---

[1] Both sides cite to various cases to support their respective positions. While some are more relevant and persuasive than others, they do not establish a clear consensus. Nor does relevant case law clearly demonstrate the worth of bifurcating these types of claims. *See Hangarter*, 373 F.3d at 1021 (Trial court did not abuse its discretion by refusing to bifurcate claim of breach of contract from claim of punitive damages). As such, the Court relies primarily on its own consideration of Rule 42(b) instead.

# V. ORDER

The Court HEREBY ORDERS:

1. Defendant's Motion to Bifurcate Claims and Stay Discovery on Non-Coverage Claims (Dkt. 8) is DENIED.

DATED: January 30, 2019

David C. Nye
Chief U.S. District Court Judge